Case 2:10-cv-05455-SJF-GRB   Document 51   Filed 03/27/12   Page 1 of 3 PageID #: 558

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   MAR 27 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HENRY HECKMANN,

                Plaintiff,

                                            ORDER
       -against-                            10-CV-5455 (SJF)(GRB)

THE TOWN OF HEMPSTEAD, et al.,

                Defendants.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

Pending before the Court are the objections of plaintiff Henry Heckmann ("plaintiff") to so much of the Report and Recommendation of Magistrate Judge Gary R. Brown ("the Report"), dated February 24, 2012, as recommends: (1) that his claims against Nassau County ("the County") and defendants Town of Hempstead, Raymond Schwartz, Roy Gunther, Ralph Vallarevella, Robert Steppe, Glenn Fordsman, Sal Mastracchio and Tom Bove (collectively, "the Town defendants") under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, be dismissed in their entirety; and (2) that plaintiff's state law claims against the Town defendants (sixth and seventh causes of action) be *sua sponte* dismissed.[1] For the reasons stated herein, the Court accepts Magistrate Judge Brown's Report.

---

[1] Magistrate Judge Brown further recommended: (1) that in the event that I decline to dismiss the amended complaint as against the County for failure to state a claim and/or grant plaintiff leave to replead his claims against the County, that I hold a traverse hearing with respect to the branch of the County's motion seeking dismissal of the amended complaint against it based upon plaintiff's failure to properly serve it with a summons; (2) that plaintiff's Section 1983 claim against the Town defendants (first cause of action) be dismissed without prejudice and with leave to replead; and (3) that plaintiff's unopposed motion to voluntarily dismiss his state law claims against defendants Police Officers Damian Ramos ("Ramos") and Michael Keane ("Keane") be granted and that those defendants be dismissed from this action with prejudice. No party has filed any objections to those branches of the Report. Upon review, the Court finds that those branches of the Report are not facially erroneous and, therefore, accepts those branches of the Report in their entirety.

1

I.      Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II.     Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Brown erred: (1) in recommending that his ADA claims be dismissed for failure to state a claim (a) based upon pleading deficiencies not raised by any of the defendants and (b) because he "fail[ed] to recognize that regulations issued by the department of Justice pursuant to the [ADA] define discrimination more broadly than the literal language of Title II [of the ADA], and that Town and County defendants acted illegally in violation of those regulations and the cases interpreting them," (Plaintiff's Memorandum of Law in Objection to Magistrate Brown's Report and Recommendation ["Plf. Obj."], at 6); and (2) in *sua sponte*

recommending that his state law claims be dismissed since he filed a notice of claim in compliance with state law. Plaintiff also seeks leave to file a second amended complaint repleading both his ADA claims and Section 1983 procedural due process claims and submits a proposed second amended complaint purportedly responding to the deficiencies in the amended complaint identified in the Report.

Upon *de novo* review of the Report and all motion papers, and consideration of plaintiff's objections, the proposed second amended complaint and the County's response thereto, the Report is accepted in its entirety.

III. Conclusion

For the reasons set forth in the Report: (1) the amended complaint is dismissed in its entirety with prejudice as against Ramos, Keane and the County; and (2) plaintiff's claims against the Town defendants are dismissed in their entirety without prejudice and with leave to amend in accordance with the Report and this Order, and to replead his state law claims to plead compliance with state law notice of claim requirements, **within thirty (30) days after this Order is served with notice of entry upon him,** or his claims against the Town defendants will be deemed dismissed with prejudice. The parties are advised that the conference scheduled to be held before me on March 28, 2012 is hereby adjourned until **April 30, 2012 at 11:15 a.m.**

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 27, 2012
       Central Islip, New York

3