UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HENRY HECKMANN,

      Plaintiff,

-against-

THE TOWN OF HEMPSTEAD; RAYMOND
SCHWARTZ, personally; ROY GUNTHER,
personally; RALPH VALLAREVELLA, personally;
ROBERT STEPPE, personally; GLENN
FORDSMAN, personally; SAL MASTRACCHIO,
personally; and TOM BOVE, personally,

      Defendants.
----------------------------------------------------------X

ORDER
10-CV-5455 (SJF)(GRB)

FEUERSTEIN, District Judge:

Pending before the Court are the objections of plaintiff Henry Heckmann ("plaintiff") to a Report and Recommendation of Magistrate Judge Gary R. Brown ("the Report"), dated February 11, 2013, recommending that I grant the branches of the motion of defendants the Town of Hempstead, Raymond Schwartz, Roy Gunther, Ralph Vallarevella, Robert Steppe, Glenn Fordsman, Sal Mastracchio and Tom Bove (collectively, "defendants") seeking: (1) judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure with respect to plaintiff's Section 1983 claim; and (2) dismissal of plaintiff's state law claims as time-barred.[1] For the reasons stated herein, the branch of Magistrate Judge Brown's Report recommending that plaintiff's state law

---

[1] Plaintiff did not initially object to so much of the Report as recommends granting the branch of defendants' motion seeking dismissal of plaintiff's state law claims as time-barred. (Obj., at 4, 15). However, during a pretrial conference before me on March 19, 2013, defense counsel advised the Court that plaintiff had in fact timely served a notice of claim and commenced this action pursuant to Sections 50-e and 50-i of the New York State General Municipal Law. Accordingly, I granted plaintiff leave to file further objections to address so much of the Report as recommends granting the branch of defendants' motion seeking dismissal of plaintiff's state law claims as time-barred. By letter dated March 21, 2013, plaintiff filed objections to that branch of the Report.

1

claims be dismissed as time-barred is rejected, but the Report is otherwise accepted in its entirety.

I.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc, 293 F.3d 42, 46 (2d Cir. 2002). Any portion of a report and recommendation on dispositive matters to which a specific, timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b);see Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue."); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.")

General objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review * * * [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Owusu v. New York State Insurance, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); Bowen v. Phillips, 572 F. Supp. 2d 412, 417 (S.D.N.Y. 2008) (accord);see also DiPilato v. 7-

Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (holding that objections to a report and recommendation are not a vehicle for allowing a party "a second bite at the apple by simply relitigating a prior argument.") To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, or to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005); see also Bowen, 572 F. Supp. 2d at 417 (holding that a report and recommendation to which only general or perfunctory objections are made is reviewed for clear error); Montalvo v. Barnhart, 457 F. Supp. 2d 150, 154 (W.D.N.Y. 2006) (holding that a report and recommendation to which objections advancing only the same arguments as presented to the magistrate judge are made "need only be reviewed for clear error."); United States v. Gardin, 451 F. Supp. 2d 504, 507 (W.D.N.Y. 2006) (holding that a party's "attempt to re-argue the same issues it presented to [the magistrate judge] is not the 'specific objections'" warranting *de novo* review and that such objections are reviewed for clear error only).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Maldonado v. Burge, 697 F. Supp. 2d 516, 523 (S.D.N.Y. 2010); Viada v. Osaka Health Spa, Inc., 235 F.R.D. 55, 57 (S.D.N.Y. 2006).

II. Objections

   A.   Section 1983 Claim

Plaintiff contends, *inter alia*, that Magistrate Judge Brown: (1) "failed to apprehend the substantial changes plaintiff has made in his Second Amended Complaint," (Obj., at 11); (2) overlooked the "seventeen paragraphs of substantive factual allegations as well as an Exhibit providing the factual basis for plaintiff's claims * * *," (Obj., at 12), that he included in the Second Amended Complaint "[t]o support his claim that no emergency justifying an exception to the ordinary due process requirements existed * * *," (Obj., at 12); (3) erred in resolving the factual issue of whether an emergency existed at the pleadings stage; and (4) ignored the fact that plaintiff was deprived of "an opportunity to 'test the probable validity' of the bases for the [due process] deprivation * * *," (Obj., at 14-15).

Upon *de novo* review of so much of the Report as recommends granting the branch of defendants' motion seeking judgment on the pleadings with respect to plaintiff's Section 1983 claim, the motion papers and plaintiff's objections to the Report, plaintiff's objections are overruled, that branch of the Report is accepted in its entirety and plaintiff's Section 1983 procedural due process claim is dismissed in its entirety with prejudice. Although the Second Amended Complaint alleges that no gas had in fact been leaking on plaintiff's property, (SAC, ¶ 29), plaintiff does not dispute that defendants were called to the property after a police officer investigating a shooting nearby smelled gas coming from the property, (SAC, ¶¶ 27-28). There are no factual allegations in the Second Amended Complaint from which it may plausibly be inferred that defendants' decision to take emergency action in the face of a reported gas odor emanating from plaintiff's property was arbitrary or an abuse of discretion. See, e.g. WWBITV, Inc. v. Village of Rouses Point, 589 F.3d 46, 51-2 (2d Cir. 2009); Rohde v. City of New York, No. 99 Civ. 8714,

4

2000 WL 1372835, at * 4 (S.D.N.Y. Sept. 25, 2000). Furthermore, Magistrate Judge Brown correctly found that meaningful post-deprivation remedies were available to plaintiff to challenge defendants' actions. Accordingly, the Second Amended Complaint fails to state a plausible procedural due process claim under Section 1983.

B.  State Law Claims

In the second amended complaint, plaintiff asserts two (2) state law claims for trespass and negligence.

Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right. * * * Needless decisions of state law should be avoided * * *. Certainly, if the federal claims are dismissed before trial * * *, the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966); see also Brzak v. United Nations, 597 F.3d 107, 113-14 (2d Cir. 2010) (quotations and citation omitted). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise [supplemental] jurisdiction. * * * When the balance of th[o]se factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); see also Lundy v. Catholic Health System of Long Island Inc., — F.3d —, 2013 WL 765117, at * 8 (2d Cir. Mar. 1, 2013) ("Once all federal claims

5

have been dismissed, the balance of factors will usually point toward a declination [of supplemental jurisdiction]." (quotations and citation omitted)). "The exercise of supplemental jurisdiction is within the sound discretion of the district court." Lundy, — F.3d —, 2013 WL 765117, at * 8.

Since, *inter alia*, all of plaintiff's federal claims have been dismissed with prejudice at the pleadings stage, I decline to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, plaintiff's state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

III. Conclusion

For the reasons set forth herein and in the Report, the branch of defendants' motion seeking judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure with respect to plaintiff's Section 1983 claim is granted and plaintiff's Section 1983 procedural due process claim is dismissed in its entirety with prejudice. In addition, for the reasons set forth herein, I decline to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, plaintiff's state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Clerk of the Court shall enter judgment in favor of defendants on the Section 1983 claim and close this case.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 27, 2013
Central Islip, New York

6