UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
HENRY HECKMANN,

                      Plaintiff,

      -against-

RAYMOND SCHWARZ,

                      Defendant.
-------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
10-CV-5455 (JMA) (ST)

**APPEARANCES:**

William M. Brooks
Touro College Jacob D. Fuchsberg Law Center
225 Eastview Drive
Central Islip, NY 11722
    *Attorney Plaintiff*

Donna A. Napolitano
Office of the Nassau County Attorney
One West Street
Mineola, NY 11501
    *Attorney for Defendant*

**AZRACK, United States District Judge:**

Currently before the Court are several motions the parties have submitted in advance of trial: (1) Plaintiff's motions in limine, (ECF No. 160); (2) Defendant's motions in limine, (ECF No. 161); and (3) Defendant's Daubert motion, (ECF No. 162.) The Court addresses each motion in turn.

**A. Plaintiff's Motions in Limine**

    1. Scope of the Trial

The parties agree that the sole issue to be tried is the amount of damages, if any, Plaintiff is entitled to from Defendant for the post-deprivation notice claim. However, the parties dispute what this means with regard to the evidence Plaintiff can present at trial. In his summary judgment

decision, Judge Gary R. Brown found that Defendant was liable for the post-deprivation notice claim. (ECF No. 131.) Judge Brown found that this decision raised:

> the interesting question of whether, given plaintiff's failure to remediate the undisputed fire hazard caused by debris for a period of many years, this claim could only result in the award of nominal damages . . . At oral argument, plaintiff's counsel—and the plaintiff himself—made a spirited argument that had plaintiff been afforded the opportunity to challenge the other conditions imposed by the Building Department (to wit: renovation of the heating, electrical and gas systems) and successfully done so, the debris issue could have been remediated in short order. While this argument appears somewhat attenuated, it is not entirely implausible, and is appropriately left to a jury to determine the question of damages arising from this narrow issue.

(Id. at 29-30 n.12.) Plaintiff's motion in limine makes clear that he intends to rely on this theory at trial to show that he is entitled to more than nominal damages. (ECF No. 160 at 5.) Defendant argues that Plaintiff should be precluded from presenting evidence regarding this theory including: the risk of harm that existed based on the conditions of the house, the conditions of the heating, gas, and electrical systems, and whether Plaintiff and his sister could have cleaned up the debris quickly because this would amount to relitigating the pre-deprivation claim that was already dismissed and because Plaintiff has never remediated the issues with the home. (ECF No. 165 at 8-9.)

While the Court agrees with Judge Brown that this theory is attenuated, the Court finds that Plaintiff may present evidence at trial to prove his theory that: (1) had Plaintiff been afforded the opportunity to challenge the heating, electrical, and gas systems issue, (2) he would have successfully done so, and (3) then the debris would have been remediated quickly. However, the Court notes that Defendant may, of course, raise any more specific objections to the relevance of any testimony or other evidence at trial.

2. Nominal Damages

Plaintiff asks the Court to "inform the jury that it may award more than nominal damages." (ECF No. 160.) The Court agrees that the jury should be instructed that they may award more than nominal damages depending on their findings of fact. The parties' proposed jury instructions are due on November 1, 2021. The Court directs the parties to include any proposed instructions regarding this issue in their submissions.

3. Testimony of Plaintiff's Sister

Plaintiff seeks to introduce testimony of his sister, Barbara Eaton, regarding statements made by Schwarz. Specifically, Eaton will testify that: (1) Schwarz told her that he and other individuals thought Plaintiff's home was abandoned, and if he had known Plaintiff lived there, he would not have taken the action he did; and (2) Schwarz told her that she and Plaintiff were probably correct that Plaintiff's electrical system was in working order. (ECF No. 160 at 6.) Plaintiff argues that this testimony is admissible as a party admission under Federal Rule of Evidence 801(d)(2)(A). As to the relevance of these statements, Plaintiff argues that the first statement is relevant because Defendant's assessment of the severity of the conditions in the home goes to the issue of whether Plaintiff could have "immediately" remediated the debris. (Id. at 7.) Plaintiff argues that the second statement is relevant because it "tends to establish that defendant recognized that there was little need to remediate the electrical system." (Id.)

The Court finds that this testimony is admissible as a party admission under Federal Rule of Evidence 801(d)(2)(A), and that this testimony is relevant to Plaintiff's theory regarding damages.

B. **Defendant's Motions in Limine**

1. Testimony

3

Defendant argues that certain witnesses (Roy Gunther, Joseph Rodriguez, and Damian Ramos) should be precluded from testifying because their testimony regarding the condition of Plaintiff's home on the day it was boarded up is not relevant. (ECF No. 161 at 15-17.) Plaintiff argues that the conditions of Plaintiff's home are relevant to his theory of damages discussed supra. (ECF No. 167 at 7.) The Court agrees and finds that Gunther, Rodriguez, and Ramos may testify regarding the conditions of Plaintiff's home on the day it was boarded up. Defendant also argues that Defendant himself should be precluded from testifying about the conditions of the home because that testimony is also irrelevant. (ECF No. 161 at 16.) The Court disagrees and finds that Defendant may testify about the conditions of the home on the day it was boarded up.

2. LIPA Report

Defendant next argues that a report from Long Island Power Authority ("LIPA") regarding Plaintiff's home and two cover letters about the report should be precluded because they are not relevant. The report dated, December 20, 2007, states that LIPA was called to Plaintiff's house by the fire department due to squatters and that there was not a house fire. (ECF No 161-7.) Plaintiff argues that this is proof that Defendant thought that the home was abandoned and that he would not have taken the action he did had he known someone lived there. (ECF No. 167 at 8.) The Court finds that what LIPA and the fire department did or believed is irrelevant to the issue of damages as to Defendant. Accordingly, the Court finds this report is not admissible.

3. Emotional Distress Damages

Defendant argues that Plaintiff should be precluded from seeking any type of emotional distress damages including substantial or garden variety because Plaintiff failed to plead emotional distress in his complaint, and Plaintiff breached his discovery obligations by failing to provide Defendant with his medical records, HIPAA authorizations, and other documentation. (ECF No.

4

161 at 21.) Defendant requests that if Plaintiff is permitted to seek emotional distress damages, that the Court issue an order compelling Plaintiff to authorize any HIPAA authorizations and provide any medical records; limiting Plaintiff to testify to only his own description of emotional distress and not offer any evidence beyond garden variety emotional distress; and providing an adverse inference jury instruction and notice to the jury of Plaintiff's failure to provide the requested information to Defendant. (Id. at 18-21.) Plaintiff responds that he should be allowed to seek garden variety emotional distress damages because they are not special damages that need to be pled in a complaint and Defendant became aware of the damages at Plaintiff's deposition, and his failure to provide a release for psychiatric records does not constitute a waiver of a claim for garden variety emotional damages. (ECF No. 167 at 8-9.)

The Court finds that Plaintiff may seek garden variety emotional distress damages and may testify regarding his garden variety emotional distress damages. However, Plaintiff may <u>not</u> introduce any evidence beyond garden variety emotional distress, including his medical records.

## C. **Defendant's Daubert Motion**

Finally, Defendant asks the Court to preclude the testimony of Plaintiff's expert, Thomas M. Munetz, a master electrician, on the grounds that: (1) his testimony is irrelevant to the issues at trial; (2) his report and testimony do not meet the reliability standards of Federal Rule of Evidence 702; and (3) Munetz's testimony and expert report must be precluded under Federal Rule of Evidence 403. The Court reserves decision on this motion until the conference scheduled for November 4, 2021.

## **CONCLUSION**

Based on the foregoing, the parties' motions are **GRANTED** in part and **DENIED** in part and the Court reserves decision the <u>Daubert</u> motion.

**SO ORDERED.**

Dated:  October 30, 2021
       Central Islip, New York

_/s/ (JMA)_
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
